# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 8, 2011

Lyle W. Cayce
Clerk

No. 10-31043

MGD PARTNERS, LIMITED LIABILITY CORPORATION; COVES OF THE HIGHLAND COMMUNITY DEVELOPMENT DISTRICT,

Plaintiffs-Appellants,

v.

FIRST AMERICAN TITLE INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1437

Before KING, DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a summary judgment concluding that the plaintiff landowner's claim was not covered under the defendant title insurance company's policy.

The landowner (MGD Partners or MGD) purchased a policy of title insurance from the defendant, First American Title Company. The policy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31043

generally insured against defects in title to property MGD owned in Tangipahoa Parish, Louisiana that might affect the marketability of the title.

After plaintiffs purchased the property, they learned that it had been under lease to the United States government during World War II for use as a bombing range. Although the lease had expired years before plaintiff purchased the property, plaintiffs discovered that remnants of bombs were still on the property. More to the point, because of the potential hazards from the bombs, officials in Tangipahoa Parish, Louisiana refused to issue permits to plaintiffs to develop a residential subdivision on the property.

The plaintiff argues that a servitude was created on the property under a Louisiana statute codifying the judicially created *St. Julien* doctrine. La. R.S. 19:14. Under this statute, a servitude is created when: (1) a public body, believing it has authority to do so, takes possession of property; and (2) contructs a facility; (3) under circumstances where the owner of the property consents or acquiesces in the government takeover. *Id.* Plaintiffs argue that the property is not marketable because the prior use of the property and because the residue of explosive material left on the property creates a servitude under the *St. Julien* doctrine in favor of the United States government, and that this was a risk insured against in defendant's policy.

We agree with the district court that the marketability problem plaintiff faces is not due to a defect in title; rather, it was because of the condition of the property. We need not determine whether a *St. Julien* servitude exists or might exist in reference to the subject property, because this risk is not covered by the defendant's title policy. Unmarketable title under the policy is defined as

> an alleged or apparent matter affecting title to the land, not excluded or excepted from coverage, which would entitle a purchaser of the estate or interest described in Schedule A to be released from the obligations to purchase by virtue of a contractual condition requiring delivery of marketable title.

No. 10-31043

Any servitude created by the *St. Julien* doctrine (which is the alleged cause of lack of marketability / merchantability) is not reflected in the public records. Accordingly it would be excluded from coverage under the following policy exclusions:

1.  (a)   Any law, ordinance, or governmental regulation . . .relating to (i) the occupancy, use or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; . . . or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, **except to the extent that notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation of or alleged violation affecting the land has been recorded in the public records at Date of Policy**.

    (b)   Any governmental police power not excluded by (a) above, **except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy**.

2.  Rights of **eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy**, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

(**Bold** added). MGD does not argue that the government's alleged servitude on the property is reflected in the public records and there is no factual dispute about the contents of the public records.

The district court correctly granted summary judgment and we affirm that judgment.

AFFIRMED.

3